UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENGE JI,

    Petitioner,

v.

A. NEIL CLARK, et al.,

    Respondents.

CASE NO. C06-797-JLR-JPD

ORDER FOR EVIDENTIARY HEARING

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Renge Ji is a native and citizen of the People's Republic of China who is currently detained by the United States Immigration and Customs Enforcement ("ICE") on $20,000 bond. On June 8, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that his detention is unreasonable under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and under the Eighth Amendment, because he is unable to afford the present bond amount. (Dkt. #6). Petitioner requests that the Court lower his bond to $3,000. On August 22, 2006, respondents moved to dismiss, arguing that petitioner's detention is lawful and that his bond is a proper condition of release. (Dkt. #10 at 3).

ORDER FOR EVIDENTIARY HEARING
PAGE – 1

Having carefully reviewed the entire record, I conclude that an evidentiary hearing is necessary to determine the validity of petitioner's claim.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the People's Republic of China.[1] (Dkt. #14 at 2). On October 20, 1995, he last entered the United States at Los Angeles, California, as a B-1 nonimmigrant visitor, with authorization to remain in the country until January 27, 1996. (Dkt. #12 at R146, R173; Dkt. #14 at 5). Petitioner subsequently adjusted his status to L-1 (nonimmigrant worker) and F-1 (student), but allowed his status to expire. (Dkt. # 14 at 7-8).

On October 3, 2005, ICE served petitioner with a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with removability under INA § 237(a)(1)(B), for having remained in the United States for a time longer than permitted, and under INA § 237(a)(1)(C)(i), for failing to maintain or comply with the conditions of his nonimmigrant status. (Dkt. #12 at L236). The same day, ICE issued a Warrant for Arrest of Alien and a Notice of Custody Review, indicating that petitioner may be released on bond in the amount of $40,000. (Dkt. #12 at L227). Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ"). (Dkt. #12 at L228, L266-68, R71-75).

On November 2, 2005, an IJ held an individualized bond hearing. On November 12, 2005, the IJ issued a decision lowering petitioner's bond from $40,000 to $20,000. (Dkt. #12 at L293). Petitioner appealed the IJ's bond redetermination to the Board of Immigration Appeals ("BIA"). (Dkt. #12 at L298). On January 31, 2006, the BIA affirmed the IJ's bond

---

[1] Respondents stated in their Return and Motion to Dismiss that "in the interest of judicial economy, Respondents are not filing a copy of Petitioner's A-file with the Court at this time." (Dkt. #10 at 2). Respondents subsequently submitted petitioner's administrative file ("A-file"), but provided no citations to petitioner's A-file. (Dkt. #12).

ORDER FOR EVIDENTIARY HEARING
PAGE – 2

determination and dismissed the bond appeal.

In removal proceedings, petitioner conceded his removability under INA § 237(a)(1)(B), but denied his removability under INA § 237(a)(1)(C)(i). DHS later withdrew the charge of removability under INA § 237(a)(1)(C)(i). Petitioner's removal proceedings were continued to allow petitioner time to file an application for asylum.

On January 17, 2006, the IJ denied petitioner's applications for asylum, withholding of removal, and for relief under the Convention Against Torture, but granted petitioner voluntary departure by January 24, 2006. (Dkt. #12 at L7). Petitioner timely appealed the IJ's decision to the BIA. On June 23, 2006, the BIA dismissed the appeal, and granted him seven days voluntary departure. (Dkt. #12 at L481-84). On July 10, 2006, petitioner timely filed a Petition for Review in the Ninth Circuit Court of Appeals. The Ninth Circuit subsequently entered a temporary stay of removal *pendente lite*. Petitioner's appeal is currently pending in the Ninth Circuit.

On June 8, 2006, petitioner filed the instant Petition for Writ of Habeas Corpus, challenging the lawfulness of his continued detention. (Dkt. #1). The Court declined to serve the petition but granted petitioner leave to amend his petition, finding that petitioner had failed to state precisely the grounds on which he based his allegation that he is being held in custody unlawfully. (Dkt. #5). On July 3, 2006, petitioner filed an amended Petition for Writ of Habeas Corpus. (Dkt. #6). On August 22, 2006, respondents filed their return and motion to dismiss. (Dkt. #10). On October 12, 2006, petitioner filed his response. (Dkt. #13). On November 3, 2006, respondents filed a reply. (Dkt. #15). The habeas petition and motion to dismiss are now ripe for review.

### III. DISCUSSION

Petitioner challenges the imposition of the $20,000 bond, arguing that the amount is

ORDER FOR EVIDENTIARY HEARING
PAGE – 3

unreasonable and excessive, and has resulted in his indefinite detention because he is unable to post the bond amount. (Dkt. #13 at ). Petitioner has submitted evidence indicating that given his present financial circumstances, he is unable pay or borrow the exceptionally large bond amount, so therefore he remains in detention indefinitely. (Dkt. #13 at 10-11, Dkt. #14, exhibits). Inexplicably, respondents do not address petitioner's claim in either their motion to dismiss or reply brief, arguing instead that "Petitioner has submitted no evidence or documentation showing that the $20,000 bond poses a financial hardship to him." (Dkt. #10 at 5, Dkt. #15 at 4).

As a threshold matter, the Court finds that ICE has the statutory authority to require a detainee to post a reasonable bond as a condition to release under 8 C.F.R. § 241.5.[2] *See also Zadvydas,* 533 U.S. at 700; *Doan v. INS*, 311 F.3d 1160, 1162 (9th Cir. 2002); *Cao v. INS,* 189 F. Supp. 2d 1082, 1086 (S.D. Cal. 2001). In addition, the regulation appears to give respondents wide discretion in determining the appropriate bond amount. The Ninth Circuit has noted, however, that "serious questions may arise concerning the reasonableness of the amount of the bond if it has the effect of preventing an alien's release." *Doan*, 311 F.3d at 1162; *see also Shokeh v. Thompson*, 369 F.3d 865, 872, *vacated by* 375 F.3d 351 (5th Cir. 2004). Thus, the Court does not find that the regulation permits respondents to impose a bond in an amount which is beyond petitioner's ability to pay, and therefore results in the same indefinite detention that the Supreme Court in *Zadvydas* forbid. By analogy, the Court notes that detention for inability to meet a financial condition of release is prohibited by law in the context of federal

---

[2] 8 C.F.R. § 241.5 states:
(b) *Posting of bond*. An officer authorized to issue an order of supervision may require the posting of a bond *in an amount determined by the officer to be sufficient to ensure compliance with the conditions of the order*, including surrender for removal.

8 C.F.R. § 241.5(b) (emphasis added).

ORDER FOR EVIDENTIARY HEARING
PAGE – 4

1  criminal charges.  *See* 18 U.S.C. § 3142(c).

2      Here, neither petitioner nor respondents have adequately addressed the reasonableness of

3  the $20,000 bond imposed for petitioner's release, nor have respondents replied to petitioner's

4  assertion of his inability to pay.  Accordingly, the Court finds that an evidentiary hearing is

5  required to determine whether the bond imposed is reasonable, and therefore lawful, pursuant to

6  *Zadvydas*.

7                                IV.  CONCLUSION

8      Accordingly, it is hereby ORDERED:

9      (1)  The Court shall conduct an evidentiary hearing to determine whether a $20,000 bond

10 is reasonable in light of petitioner's financial circumstances.

11     (2)  The Clerk shall appoint counsel to represent petitioner pursuant to 18 U.S.C. §

12 3006A(a)(2)(B), and shall advise the undersigned Magistrate Judge's Chambers of the

13 appointment.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*,

14 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases

15 in the United States District Courts ("If an evidentiary hearing is required the judge shall

16 appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §

17 3006A(g) and the hearing shall be conducted as promptly as possible, having regard for the

18 need of counsel for both parties for adequate time for investigation and preparation.").

19     (3)  The Clerk shall schedule a conference between the Court and counsel.  At that

20 conference, the Court will set a hearing date, set deadlines for the submission of lists of witnesses

21 and exhibits, and for any motions *in limine* and pre-hearing briefs, and arrange for the presence

22 of petitioner at the evidentiary hearing.

23     (4)  Following that hearing, the Magistrate Judge shall submit to the U.S. District Judge

24 Recommended Findings of Fact and Conclusions of Law, and a Recommended Order on the

25

ORDER FOR EVIDENTIARY HEARING
26 PAGE – 5

1  habeas petition.

2      (5) The Clerk is directed to send copies of this Memorandum Order to petitioner, to

3  counsel for both parties, and to the Honorable James L. Robart.

4      DATED this 29th day of November, 2006.

                    */s/ James P. Donohue*

                    JAMES P. DONOHUE
                    United States Magistrate Judge

ORDER FOR EVIDENTIARY HEARING
PAGE – 6